# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO BORJA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1586-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Rodolfo Borja pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more but less than five kilograms of cocaine and was sentenced to five years of probation. He now appeals his above-guidelines sentence of 36 months of imprisonment imposed upon the revocation of his probation. *See* 18 U.S.C. § 3565. Because Borja did not raise his procedural arguments in the district court and did not object to the substantive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness of his sentence, we review for plain error.  *See United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013).

We reject Borja's claim that the district court committed procedural error by relying on the bare allegations set forth in the revocation petition.  Borja had his case placed on the uncontested docket, and he did not object to the admission of the petition into the evidence or challenge the allegations contained therein.  The petition detailed the offenses forming the basis for the revocation, including recitations of statements from the responding officer, the victim, and a witness.  The information contained in the petition had sufficient indicia of reliability and, thus, the district court did not commit error, plain or otherwise, by making factual findings based upon it.  *See United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010); *United States v. Manthei*, 913 F.2d 1130, 1138 (5th Cir. 1990).

The district court considered Borja's request for a within-guidelines sentence, including mitigating factors, and clearly explained its reasons for sentencing him above that range.  Therefore, Borja has not shown any procedural error related to the district court's explanation for imposing an above-guidelines sentence.  *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

Finally, we find meritless the claim that Borja's sentence was substantively unreasonable because the district court erroneously took into account or afforded too much weight to a 18 U.S.C. § 3553(a) sentencing factor or his previous sentence of probation.  The district court did not err by citing the need to promote respect for the law or to provide just punishment when sentencing Borja.  *See United States v. Kippers*, 685 F.3d 491, 497-98 & n.4 (5th Cir. 2012).  Moreover, to the extent that the district court relied upon the

leniency of his previous sentence of probation, that consideration did not constitute error. *Id*. at 499.

The judgment of the district court is AFFIRMED.